UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                )
GEORGE HILDEBRANDT, JR. and       )
PATRICIA HILDEBRANDT,                 )
                                                )
       Plaintiffs,                            )
                                                )
   v.                                        )   Civil Action No. 04-1423 (PLF)
                                                )
ANN VENEMAN, et al.,                       )
                                                )
       Defendants.                          )
_____)


MEMORANDUM OPINION AND ORDER

       This matter comes before the Court on plaintiff's "Notice of Counsel's Travel to Washington D.C. on Matter Before Judge Emmet G. Sullivan." Plaintiff's counsel James W. Myart, Jr. filed this notice on November 8, 2005 to inform the Court that he would be traveling to Washington, D.C. (plaintiff's counsel practices from an office in San Antonio, Texas) for a hearing before another judge of this Court in a different case from the above-captioned one. The last sentence of the notice states that ". . . he [plaintiffs' counsel] does not want to give the DOJ attorneys another 'bullet' by which they can attempt to discredit (kill) counsel." November 8, 2005 Notice of Counsel's Travel to Washington D.C. on Matter before Judge Emmet G. Sullivan at 2. This last sentence is a highly inappropriate and uncalled-for ad hominem attack against the Department of Justice attorneys defending this case. The Court, therefore, will strike it from the record.

       The notice filed by plaintiffs' counsel is directly related to a dispute between the parties in this case in the months prior. On September 23, 2005, the government filed an opposition to Mr. Myart's September 21, 2005 motion for an extension of time to file a response

to the government's motion to dismiss. Mr. Myart had asserted in his motion for an extension of time that he was suffering from certain medical problems. The government questioned the veracity of his statements, noting that during the time he claimed to be recovering from his illness, he had traveled to Washington, D.C. for a mediation in another case. Mr. Myart responded with a more detailed description of his condition and even submitted medical records, in camera, in support of his motion. The Court granted Mr. Myart's motion for an extension of time on October 27, 2005.

On November 8, 2005, Mr. Myart filed this notice purporting to inform the Court of his travel plans, medical condition and noting that "Department of Justice attorneys have unfairly critisied [sic] counsel for being in Washington in October on the Marshall matter while under doctor's orders." Had the notice confined itself to providing this information, the Court would not now be forced to issue this order. Plaintiffs' counsel, however, continued on to state that "Counsel, in no way, wants this Court to conclude that it has been slighted or disrespected by his participation in a hearing before a judge in a sister Court, nor does he want to give the DOJ attorneys another "bullet" by which they can attempt to discredit (kill) Counsel."

Mr. Myart's assertion that the opposing counsel are trying to kill him rises to a level of offensiveness that merits this notice being stricken from the record by the Court, sua sponte, under Rule 12(f) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(f) (court may strike any pleadings that are "redundant, immaterial, impertinent or scandalous.").[1] Although Mr.

---

[1] Although Rule 12(f) applies by its terms only to "pleadings," courts occasionally have applied the Rule to filings other than those enumerated in Rule 7(a) of the Federal Rules of Civil Procedure. See, e.g., Cobell v. Norton, 213 F.R.D. 33 (D.D.C. 2003) (considering Rule 12(f) motion to strike plaintiffs' response to defendant's historical accounting plan).

Myart places the word "bullet" in quotation marks, as if to imply that his meaning is figurative rather than literal, he goes on to use the word "kill" in parenthesis, which in the context of the dispute and his ongoing medical problems quite clearly and literally states (not implies) that the DOJ attorneys somehow intend him physical harm, or even death.  This statement is outrageous, without support, and scandalous on every level.  The opposing attorneys have litigated this case vigorously and in one instance challenged Mr. Myart's assertions personally, but they have done so with the civility and professionalism that is required of an attorney, even when the arguments being made have unpleasant implications.  That, however, is the nature of litigation - to make good faith arguments and assertions that sometimes may offend the opposing party, whose view of the matter no doubt differs.  However much these offenses may sting a party personally or occasionally a lawyer for the party in the course of litigation, they do not and cannot imply that one lawyer intends another physical harm without some extremely convincing proof.  Zealous representation and vigorous disagreement do not constitute the requisite proof that government attorneys mean Mr. Myart personal harm.  His statement that they hope to "kill" him is unwarranted and offensive.

    This is not the first time that one of Mr. Myart's notices has been stricken from the record and docket of a case before this Court.  In an opinion issued by this Court on January 3, 2005 in the case of Pigford v. Veneman, the Court struck two notices filed by Mr. Myart that accused opposing counsel, a Department of Justice attorney, of unprofessional conduct.  225 F.R.D. 54 (D.D.C. 2005).  The stricken notices were two of many that Mr. Myart had filed over a months-long period accusing opposing counsel of various misconduct, accusations that escalated at a hearing before the Court to ones of racism.  The Court struck two notices, sua sponte, for

reasons much the same as the ones given above and stated at the time that the flood of notices Mr. Myart had filed with the Court did not serve any "legitimate litigation-related purpose and appear to be a form of grandstanding really addressed to other audiences." Id. at 59.  Mr. Myart would be well advised to reread the Pigford opinion. Regardless, the Court reminds Mr. Myart now, as then, that "it is a privilege to practice law in this Court, not a right, and that the Court's docket is not a forum for personal attacks." Id. at 58 (citation omitted).

        Accordingly, it is hereby

        ORDERED that plaintiffs' notice to the Court [44] is stricken from the record and will be removed from the docket by the Clerk of the Court.

        SO ORDERED.

_____/s/_____
PAUL L. FRIEDMAN
DATE:  December 16, 2005        United States District Judge