UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| GEORGE HILDEBRANDT, JR. and PATRICIA HILDEBRANDT, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 04-1423 (PLF) |
| MIKE JOHANNS, et al., | ) ) ) | |
| Defendants. | ) ) | |

MEMORANDUM OPINION

      This matter comes before the Court on defendants' partial motion to dismiss the plaintiff's second amended complaint. Upon consideration of defendants' motion, plaintiff's amended response, and defendants' reply to the amended response, the Court will grant the partial motion to dismiss.

      Plaintiffs bring this action under the Equal Credit Opportunity Act of 1972 ("ECOA"), 15 U.S.C. § 1691, claiming that they have been discriminated against because of their race.[1] Their allegations include that their loan applications have been mishandled and denied, that defendants have retaliated against them because they have filed discrimination complaints, and that defendants "enforced monetary offsets against Plaintiff in furtherance of their goal to destroy his farming operation." Plaintiffs' Second Amended Complaint ("Sec. Am. Compl.") ¶ 41(e). Defendants' partial motion to dismiss the plaintiffs' second amended complaint seeks to dismiss

---

[1]     Plaintiffs also states in their complaint that they are "members of a protected class as that phrase is defined in the Civil Rights Act of 1964," but do not appear to bring any claims under that statute, nor do any further references to that statute appear in their second amended complaint. See Second Amended Complaint at ¶ 40.

with prejudice (1) all claims against defendant Assistant Secretary for Civil Rights Vernon Parker in his individual capacity; (2) all of plaintiffs' claims predating August 23, 2002 as precluded by the Pigford Consent Decree and barred by the ECOA's statute of limitations; and (3) those of their claims that relate to the investigation of their administrative complaints and administrative offsets as not being covered by the ECOA.

Plaintiffs' amended response and partial opposition to the motion consents to the dismissal of Vernon Parker in his personal capacity from the case and concedes that "any claims during the Pigford class period, from January 1, 1981 through December 31, 1996, and any debts or administrative offsets associated with those debts cannot form the basis for Plaintiffs' present ECOA claims."  Plaintiffs' Amended Response and Brief in Partial Opposition to Defendant's Motion to Dismiss ("Pls' Am. Resp.") ¶¶ 6, 31.  See also 31 U.S.C. § 3711(g)(9); Bradshaw v. Veneman, 338 F. Supp.2d 139, 144 (D.D.C. 2004) (noting that statute actually requires the USDA to administratively offset debts).  Plaintiffs contest defendant's partial motion to dismiss only with respect to the issue of their claim that the USDA's Office of Civil Rights failed to investigate complaints filed by the plaintiffs between 1997 and 2003 for discriminatory reasons.  Pls' Am. Resp. ¶¶ 1-3, ;  see also Sec. Am. Compl. ¶¶ 22-27.

Defendants argue that the discriminatory failure to investigate administrative complaints alleged by plaintiffs does not give rise to a cause of action under the ECOA. Partial Motion to Dismiss Second Amended Complaint ("Mot. to Dism.") at 7;  Supplemental Reply Brief Supporting Defendants' Partial Motion to Dismiss Second Amended Complaint ("Suppl. Reply") at 3-4.   The ECOA prohibits a creditor from discriminating on the basis of race against any applicant only "with respect to any part of a credit transaction." 15 U.S.C. § 1691(a).  The

term "credit" is defined as "the right granted by a creditor to a debtor to defer payment of debt or to incur debts and defer its payment or to purchase property or services and defer payment therefor." 15 U.S.C. § 1691a(d). The Court agrees with the defendants that the USDA's investigation of or failure to investigate plaintiffs' complaints does not fall within the definition of "credit transaction." See Wise v. Glickman, 257 F.Supp. 2d 123, 127 (D.D.C. 2003). Plaintiffs' claims with respect to the allegedly discriminatory conduct of the USDA in failing to investigate its complaints of discrimination therefore must be dismissed.

Accordingly, defendant's partial motion to dismiss will be GRANTED, and defendant Vernon Parker will be dismissed in his individual capacity as a defendant in this case.

A separate Order consistent with this Memorandum Opinion will be issued this same day.

_____/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE:  March 31, 2006